# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PAMELA DINWIDDIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-00332-CV-RK |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined that Plaintiff has the following severe impairments: right shoulder rotator cuff syndrome, status post bursitis, moderate obesity, history of left arm fracture, and mild degenerative joint disease of the lumbar spine. The ALJ also determined that Plaintiff has the following non-severe impairments: hypothyroid, depression, anxiety, and attention deficit hyperactivity disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work. The ALJ's RFC limited Plaintiff's use of her right arm to lifting/carrying 10 pounds, no pushing or pulling, and no work above the shoulder. In addition, Plaintiff cannot climb ladders, ropes, or scaffolds; cannot crawl; and can only occasionally perform all other postural activities. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff raises several arguments in asserting that the ALJ's physical RFC was unsupported by substantial evidence. The Court is not persuaded. First, Plaintiff argues that the ALJ's failure to address an opinion from Dr. Tarbox is reversible error. Dr. Tarbox's findings, however, are not inconsistent with the ALJ's RFC.[1] In addition, the ALJ gave good reasons for discounting Plaintiff's treating surgeon, Dr. Kelly Ross. The ALJ discounted Dr. Kelly Ross' opinion that Plaintiff is precluded from lifting because no other source opined that Plaintiff was

---

[1] Dr. Tarbox performed a one-time examination of Plaintiff regarding her right shoulder following Plaintiff's third right shoulder surgery. Dr. Tarbox stated that "[e]verything appears to be okay," acknowledged that Plaintiff's right shoulder pain could take a year "to resolve," and recommended she "continue strengthening and exercise and patience." (Tr. 949.) Plaintiff conflates Dr. Tarbox's statement that her pain may take a year "to resolve" to equate to an opinion of disabling pain for a year. But this conclusion is not supported by Dr. Tarbox's right shoulder examination findings, which showed tenderness to palpitation, mild limitation of active range of motion, intact sensation, intact motor function, and full strength. (Tr. 950.) Moreover, the ALJ's RFC gave significant limitations with regard to Plaintiff's right arm—she is limited to lifting/carrying 10 pounds, no pushing or pulling, and no work above shoulder level.

unable to lift. The ALJ noted that Dr. Kelly Ross' opinions that Plaintiff was disabled go to an issue reserved to the Commissioner. Plaintiff also contends that the ALJ did not explain why he did not adopt portions of the opinions of Dr. Marvin Ross, Plaintiff's primary care physician, and Dr. Rosenthal, who performed an examination related to Plaintiff's workers' compensation claim. But Plaintiff does not state why these opinions are material. SSR 96-8p (ALJ must explain how any material inconsistencies or ambiguities in the evidence were considered and resolved). Although Plaintiff disputes the ALJ's treatment of the medical opinion evidence in the record, "[i]t is not the role of this court to reweigh the evidence presented to the ALJ." *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016) (citation omitted).

Next, Plaintiff raises several arguments regarding the ALJ's assessment of her mental impairments. The Court again is not persuaded. First, Plaintiff argues that the ALJ was required to include limitations in the RFC related to his finding at step 2 that Plaintiff had mild limitations in interacting with others. A finding of mild limitations in mental functioning at step 2, however, does not necessitate a corresponding mental limitations in the RFC. *Johnson v. Berryhill*, No. 3:17-CV-0416-DGK-SSA, 2018 U.S. Dist. LEXIS 86461, at *7 (W.D. Mo. May 23, 2018). Second, Plaintiff argues that by giving no weight to Dr. Marvin Ross' assessment of Plainitff's mental limitations, the ALJ substituted his own medical expertise for that of the treating physician. But the ALJ properly discounted Dr. Marvin Ross' opinion because Dr. Marvin Ross was not a mental health specialist and because significant mental impairment was not supported in any other records. Although an ALJ's RFC assessment "must be supported by some medical evidence . . . there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted). Finally, substantial evidence on the record as a whole supports the ALJ's findings that Plaintiff's mental impairments—depression, anxiety, and attention deficit hyperactivity disorder—were nonsevere. The record shows Plaintiff underwent minimal treatment; Plaintiff's mental impairments appeared to be controlled with medication; and there were minimal examinination findings and complaints.

Last, Plaintiff contends that the vocational expert's ("VE") testimony does not provide substantial evidence showing that Plaintiff can perform jobs in the national economy because of an unresolved conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). The Court finds no error. Social Security Ruling 00-4p requires the ALJ to question the VE to "obtain a reasonable explanation for any conflicts between" the VE's testimony and the

DOT and explain in the decision "how any conflict that has been identified was resolved." 2000 SSR LEXIS 8. Plaintiff contends there is an unresolved conflict between the limitations on Plaintiff's ability to reach overhead and the requirements of jobs identified by the VE, which include reaching in any direction. Programs Operations Manual (POMS) DI 25001.001 at ¶ 65 (defining reaching as extending the hands and arms in any direction). However, Plaintiff was precluded from overhead work on her right side, not reaching generally or even overhead reaching.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

                                                    s/ Roseann A. Ketchmark
                                                    ROSEANN A. KETCHMARK, JUDGE
                                                    UNITED STATES DISTRICT COURT

DATED: May 21, 2019